**McCABE v. CRAMBLET.**

Patent Appeal No. 3163.

Court of Customs and Patent Appeals.
June 12, 1933.

Langdon Moore, of Chicago, Ill. (James Atkins, of Washington, D. C., and A. Trevor Jones, of Chicago, Ill., of counsel), for appellant.

John W. Michael, of Milwaukee, Wis., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in an interference proceeding wherein the Board of Appeals of the United States Patent Office affirmed a decision of the Examiner of Interferences, awarding priority of invention to appellee. The case is brought here by appellant for review of such decision of the Board of Appeals.

The issue is set forth in five counts, of which counts 1 and 3 are illustrative and read as follows:

"1. A liquid contact switch comprising a sealed tube containing a quantity of electrical conducting fluid with two electric terminals sealed and supported in the walls thereof, and a cup of insulating material therein supported at an angle to the axis of the tube by one terminal so that the cup is slightly tilted in the direction of the opposite end with *one of the terminals* entering the interior of said cup." (Italics ours.)

"3. A liquid contact switch comprising a sealed tube containing a quantity of electrical conducting fluid with lead-in wires supported and sealed in one end thereof, said lead-in wires projecting as terminals within the tube, a cup of insulating material engaged by one terminal and supported at an angle to the axis of the tube thereby so that the cup is slightly tilted in the direction of the opposite end free from contact with the tube and separating said terminal from the other terminal."

It appears that the interference involves a patent issued to appellant on May 6, 1930, No. 1,757,436, upon an application filed on December 5, 1927, and an application of appellee filed February 23, 1926. Therefore appellee's application was pending when appellant's patent was issued, and appellant is the junior party by reason of the fact that the filing date of his application was subsequent to the filing date of appellee's application.

The interference was declared between claims 18 to 22, inclusive, of appellee's application, and claims 1 to 5, inclusive, of appellant's patent; appellee's claims, however, were not literally copied from said claims of appellant's patent, but differ therefrom in certain particulars hereinafter discussed.

The invention relates to improvements in electric switches of the type in which the contact is made and broken through a conducting fluid such as mercury, such switches being known as mercury switches.

In the involved invention the make and break are effected by bringing together and separating two bodies of mercury over the edge portion of a cup of insulating material within a tube or envelope of glass, said cup being tilted somewhat from its upright position. One of the electrical terminals engages the mercury in the tube outside the cup, while the other terminal engages the body of mercury within the cup.

In appellant's patent one of the electrode terminals engages the body of mercury within the cup and the other terminal supports the

cup, while in appellee's application the cup is supported by the terminal which extends into the body of mercury within the cup. Appellant's drawings also show his electrical terminals seated and supported one above the other in one end of the tube, said terminals being in close proximity to each other at the point of sealing. This feature of the terminals being in close proximity to each other, embodied in appellant's drawings, is not included in any of said claims 1 to 5 of appellant's patent.

One of the drawings of appellee's application shows two electrodes in the cup end of the tube, but entering from opposite sides of the tube, and therefore said terminals are not in close proximity to each other at the point of entry into said tube.

Claims 1 and 3 of appellant's patent are illustrative of the 5 claims thereof involved here, and read as follows:

"1. A liquid contact switch comprising a sealed tube containing a quantity of electrical conducting fluid with two electric terminals sealed and supported in the walls thereof, and a cup of insulating material therein supported at an angle to the axis of the tube by one terminal so that the cup is slightly tilted in the direction of the opposite end with *the other terminal* entering the interior of said cup." (Italics ours.)

"3. A liquid contact switch comprising a sealed tube containing a quantity of electrical contacting fluid with lead-in wires supported and sealed in one end thereof, said lead-in wires projecting as terminals within the tube, a cup of insulating material engaged by one terminal and supporter at an angle to the axis of the tube thereby so that the cup is slightly tilted in the direction of the opposite end free from contact with the tube and separating said terminal from the other terminal, *said other terminal* entering free from contact into said cup." (Italics ours.)

The preliminary statement of appellant, made upon the declaration of the interference, showed that the earliest date claimed by appellant for conception of his invention was about the first of March, 1927, which is subsequent to appellee's filing date. Therefore appellant was placed under an order to show cause why judgment should not be entered in favor of appellee, whereupon appellant moved to dissolve the interference upon three grounds, as follows:

"1. That there has been such informality in declaring the interference as will preclude a proper determination of the question of priority of invention.

"2. That the claims of the issue as changed by the party Cramblet are not patentable over the prior art.

"3. That the party Cramblet has no right to make the claims forming the counts of the issue."

The Examiner of Interferences denied the motion as to grounds 1 and 3 and dismissed the motion as to ground 2, and thereafter awarded priority of invention of the subject matter in issue to appellee.

Upon appeal to the Board of Appeals, as hereinbefore stated, the decision of the Examiner of Interferences was affirmed.

Before us appellant contends as follows:

1. That each of the counts of the issue, broadly construed, is a vague and indefinite departure from the claims of appellant's patent, and that no proper determination of priority can be decided thereon.

2. That each of the counts of the issue is limited to a structure in which both terminals are sealed in one end of the tube, and that appellee does not disclose such a structure.

3. That if the counts be not limited to the structure of the McCabe patent not disclosed by appellee, then they are readable upon the prior art and are unpatentable to either party.

█ The first question for consideration is whether there is any patentable distinction between the counts here involved and said claims 1 to 5 of appellant's patent; or, in other words, do the claims of said patent and the counts of the interference call for the same invention? If they do, it is well established that limitations in the claims of appellant's patent having no patentable significance may under certain circumstances, be ignored, and an interference based upon claims of appellant's patent is proper with such immaterial limitations omitted. Neither is it necessary that the exact wording of the patentable elements of the claims of appellant's patent be copied; the test is whether the counts of the interference and the claims of the patent call for the same invention. If they do, an interference between them is proper. In re Ellis & Holden, 47 F.(2d) 963, 18 C. C. P. A. 1060, and cases cited.

With respect to the differences between the counts of the interference and the claims of appellant's patent, the latter are limited by reciting in each claim that one terminal enters the cup and the other terminal supports the cup. The counts of the interference are not so limited, and by their terms the

terminal entering the cup may at the same time support the cup.

The Board of Appeals held that this distinction is without patentable significance since a patent to one Mailey, No. 1,638,123, discloses both ways of supporting the cup; in other words, that neither method has any patentable significance in view of the prior art.

The Mailey patent shows a mercury switch having a cup supported within the envelope by the terminal which enters the cup, and a modification is described in the specification in the following language: " * * * Such cup in some forms is positioned either on the wall of the envelope or is suspended from the wall as by mounting it to the electrode which terminates within it, *or supported by the other electrode to which it is mounted as by embedding such electrode in the outside wall of the cup.*" (Italics ours.)

Appellant's counsel argues that the quoted language is vague and indefinite, and does not disclose a cup supported by one terminal with the other terminal entering the interior of said cup. To this we cannot agree; the quoted language expressly and aptly embraces a positioning of the electrodes as recited in the claims of appellant's patent and there is nothing indefinite about it.

In the case of In re Cramblet, 62 F.(2d) 358, 20 C. C. P. A. ——, we had occasion to consider the above-quoted language from the Mailey patent, in so far as it related to the positioning of the cup within the tube and held that the language quoted was indefinite in that respect, but there is nothing in that opinion to indicate that we considered the language with respect to the positioning of the electrodes with relation to the cup to be vague or indefinite, for that question was not before us in that case.

The decision of the Board of Appeals in the case last cited is contained in the record in the case at bar. In that decision the board stated, with respect to appellant's patent, as follows: "Inspection of the application file which matured into the McCabe patent discloses that the claims therein were rejected on the patent to Mailey No. 1,638,123, granted August 9, 1927, on an application filed February 1, 1924, and that they were amended to distinguish from the Mailey patent either by stating that the cup is slightly tilted or that the electrodes are sealed one above the other in the same end of the tube. * * * "

The record before us with respect to the history of appellant's application supports this statement of the Board of Appeals.

We agree with the conclusion of the Board of Appeals in the instant case that the distinction between the counts of the interference and the said claims of appellant's patent is without patentable significance, and that both call for the same invention.

Appellant relies upon the case of Craig v. Mayer, 56 App. D. C. 158, 11 F.(2d) 207, 208, in which the Court of Appeals of the District of Columbia indicated that certain counts of the interference there involved, copied with certain modifications from the patent issued to appellant therein, did not embrace the same invention that was claimed in said patent. The case was actually decided upon another issue, not relevant here; but with respect to the modifications made in copying the claims of the patent the court said that the element modified was "of the essence of the Craig patent." In the case at bar there was no modification of the elements constituting the essence of appellant's patent.

Appellant also relies upon our decision in the case of Field v. Stow, 49 F.(2d) 1072, 18 C. C. P. A. 1502. In that case the appellee literally copied the claims of appellant's patent, which claims contained limitations not disclosed by appellee's application, and we there held that by reason of that fact appellee could not make the claims so copied. The particular element not disclosed by appellee in that case was "a floor supported on said sill flanges," appellee disclosing only a floor riveted to the bottom of, and supported by, but not on, sill flanges.

Had appellee in the case at bar literally copied the said claims of appellant's patent, our decision in Field v. Stow, supra, would be relevant, but this he did not do, but has modified them in respects having no patentable significance; and if, as modified, the counts read upon appellee's disclosure, the declaration of interference was proper.

We may add that Field v. Stow, supra, was cited with approval in the case of Atherton v. Payne, 54 F.(2d) 821, 19 C. C. P. A. 867, in which case it was held that express limitations in a count may not be disregarded. So, in the case at bar, we give full effect to all the limitations in the *counts;* however, in the case at bar, as hereinafter set forth, Cramblet can make all of said limitations, and for this reason the decisions in said last-cited cases are not in point upon the question presented here.

This brings us to the consideration of whether appellee can make the claims corresponding to the counts here in issue. Appellant insists that appellee cannot make said claims for two reasons:

1. That appellee's application does not disclose both electrode terminals sealed and supported one above the other in one end of the tube.

2. That appellee does not disclose said terminals entering the tube in relatively close proximity to each other so that the walls of the tube thereabout can be brought together by one operation to seal the tube and support the terminals.

With respect to the first contention of appellant, both the Examiner of Interferences and the Board of Appeals held that Figure 4 of appellee's drawings shows such an arrangement of the terminals. We would observe that claims 1 and 4 of appellant's patent and counts 1 and 4 of this interference do not contain this limitation.

Having in mind the rule that counts should be given the broadest interpretation which they will reasonably support, we agree with the Patent Office tribunals that said Figure 4 of appellee's drawings discloses both terminals in one end of the tube and supported one above the other, as called for by certain of the counts here in issue.

With respect to appellant's second contention, above stated, we would observe that there is nothing in any of the counts requiring the terminals, where they enter the tube, to be in relatively close proximity to each other in order that the sealing may take place in one operation.

Appellant insists that such limitation should be read into the claims, and that when so read, the counts here involved do not call for the same invention as that embraced in the claims of appellant's patent. However, as said by the Supreme Court in the case of McCarty v. Lehigh Valley Railroad Company, 160 U. S. 110, 16 S. Ct. 240, 242, 40 L. Ed. 358: " * * * We know of no principle of law which would authorize us to read into a claim an element which is not present, for the purpose of making out a case of novelty or infringement." If appellant's disclosure in his patent with respect to the two terminals being in relatively close proximity to each other be of patentable significance, that element should have been expressed in the claims of his patent if he desired to receive protection therefor. Appellant having elected to claim the invention broadly with respect to the positioning of the terminals at the points of entering the tube, he is not in a position to insist that limitations be read into his claims for the purpose of avoiding the issue of priority. Deibel v. Heise & Schumacher, 46 F. (2d) 570, 18 C. C. P. A. 907.

Without further discussing appellant's various contentions upon this point, we agree with the Board of Appeals that appellee has the right to make the claims corresponding to the counts here in issue.

Finally, appellant contends that, if the counts be broadly construed, they are not patentable to either party. It is sufficient to say upon this point that, if the counts are not patentable to either party, we may not so determine upon this appeal, and we therefore express no opinion with respect thereto. Brogden v. Slater, 40 F.(2d) 988, 17 C. C. P. A. 1240.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.